**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNIFER KNELLINGER and | : | |
| CHARLES WELBY w/h | : | CIVIL ACTION – LAW |
|        Plaintiffs | : | |
|     v. | : | NO.: |
| | : | |
| WAL-MART STORES, INC. and | : | JURY TRIAL DEMANDED |
| WAL-MART STORES EAST | : | |
|        Defendants | : | |

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East (more properly identified simply as Wal-Mart Stores East, LP), by and through their counsel, Law Offices of McDonnell & Associates, PC, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Court of Common Pleas of Philadelphia County, March Term, 2016, No. 1210, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Defendants aver as follows:

1.      On or about March 16, 2016, Plaintiffs filed a Complaint in the Court of Common Pleas for Philadelphia County, March Term, 2016, No. 1210, against Defendants.

2.      In their Complaint, Plaintiff Jennifer Knellinger alleges that on July 1, 2015, she was caused to "trip, slip, stumble and/or fall" by reason of a wet floor at a Wal-Mart store located in Philadelphia, Pennsylvania, sustaining personal injuries. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

3.      Plaintiff Jennifer Knellinger alleges she was caused to sustain serious physical injury to, among other things, her neck, arm, shoulder, back and hip. *Id.* at ¶ 13.

4.      Plaintiff Jennifer Knellinger and her husband, Charles Welby, who alleges he has been and may in the future be required to expend various sums of money for medical expenses

for his wife, and who alleges he has been deprived of the assistance and society of his wife, *id.* at ¶¶ 21-22, seek damages in excess of the Philadelphia County compulsory arbitration limits, *id.* *ad damnum clauses.*

5.     On July 8, 2016, defense counsel received Plaintiffs' Case Management Conference Memorandum, a true and correct copy of which is attached hereto as Exhibit "B". Therein, Plaintiffs indicate that Plaintiff Jennifer Knellinger's injuries are permanent and include frozen left shoulder, cervical herniation and aggravation of a pre-existing condition.  See Ex. "B".

6.     Plaintiff Jennifer Knellinger has allegedly been receiving treatment, including shoulder manipulation under anesthesia, for over one year and for which more than $25,000 in expenses has been incurred.  *See* Ex. "B".

7.     Plaintiffs issued a demand of $500,000.  *See* Ex. "B", Pls.' Case Management Conference Memorandum.

8.     Prior to receipt of Plaintiffs' Case Management Conference Memorandum, Defendants could not reasonably and intelligently conclude from the Complaint or other available information that the amount in controversy exceeded the jurisdictional minimum.

9.     The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

10.     Plaintiffs allege they are residents and citizens of the Commonwealth of Pennsylvania, specifically residing at 5854 Loretta Avenue, Philadelphia, Pennsylvania, *see* Ex. "A".

11.     Defendant Wal-Mart Stores East, properly identified as Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

12.     Wal-Mart Stores East, LP is the operating entity of the subject Wal-Mart Store, that being Store #2650 located at 4301 Byberry Road, Philadelphia, Pennsylvania.

13.     Defendant Wal-Mart Stores, Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows:  Wal-Mart Stores, Inc. (WMSI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas.  WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP.  Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMSI).  For the purposes of diversity of citizenship, the named Defendants are citizens of the State of Delaware and Arkansas.

14.     None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

15.     Where a case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3). *See also* § 1446(c)(3)(A).

16.     On July 8, 2016, Plaintiffs' counsel provided defense counsel with Plaintiffs' Case Management Conference Memorandum containing a demand of $500,000. *See* Ex. "B". Plaintiffs' Memorandum constitutes an "other paper" from which it may be ascertained that the case is one which is or has become removable. *See Judge v. Phila. Premium Outlets*, No. 10-1553, 2010 U.S. Dist. LEXIS 56762 (E.D. Pa. June 8, 2010) (Case Management Conference Memoranda can provide the basis for subject matter jurisdiction).

17.     On July 8, 2016, defense counsel advised Plaintiffs' counsel of Defendants' intent to remove the matter unless Plaintiffs were willing to stipulate to limit damages to an amount not in excess of $75,000. A true and correct copy of this correspondence and proposed Stipulation to Limit Damages is attached hereto as Exhibit "C".

18.     As of the date of this filing, defense counsel has yet to receive a response from Plaintiffs' counsel regarding the proposed stipulation.

19.     Before Defendants received Plaintiffs' Case Management Conference Memorandum which expressly demanded in excess of $75,000, Defendants could not have reasonably and intelligently concluded from the Complaint that the amount in controversy exceeded the jurisdictional minimum.

20.     Language contained in the Complaint regarding injury did not clearly and unequivocally establish that the amount in controversy exceeded the jurisdictional minimum.

21.     This Notice of Removal is filed within thirty (30) days of receipt of the "other paper", in which Plaintiffs indicated that the case's value exceeds $75,000, thus warranting removal.

22.     Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the

District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

23.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

24.     Defendants have a good faith belief, and therefore submit that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

25.     As described herein, Plaintiffs indicated that their damages exceed $75,000.

26.     Based on the foregoing, including Plaintiffs' allegations of severe and permanent injuries, allegations of treatment and expenses spanning more than one year and costing $25,000 and growing, and Plaintiffs' demand exceeding $75,000, the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000 exclusive of interest and costs.

27.     Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

28.     This Notice of Removal is timely as it is being filed within thirty days of receipt of Plaintiffs' Case Management Conference Memorandum.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, more properly identified simply as Wal-Mart Stores East, LP, respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

MCDONNELL & ASSOCIATES, PC

Date:   8/2/2016

Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
Marc R. Kamin, Esquire
Attorney I.D. No. 307464
mkamin@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Marc R. Kamin, Esquire hereby certify that on August 2, 2016, a true and correct copy Defendants' Notice of Removal was served via email upon the following:

John F. Hanahan, Esquire
***hanahan.john@gmail.com***
Rosenbaum & Associates, P.C.
1818 Market Street, Ste. 3200
Philadelphia, PA 19103
(*Plaintiffs' Attorneys*)


McDONNELL & ASSOCIATES, PC


Marc R. Kamin, Esquire
*Attorneys for Defendants*

# EXHIBIT "A"

ROSENBAUM & ASSOCIATES, P.C.       MAJOR NON-JURY
BY: JEFFREY M. ROSENBAUM, ESQUIRE      ASSESSMENT OF HEARING
1818 Market Street, Suite 3200      DAMAGES IS REQUIRED
Philadelphia, PA 19103
(215)569-0200

*Filed and Attested by the Office of Judicial Records 15 MAR 2016 09:01 am K. EDWARDS*

JENNIFER KNELLINGER and CHARLES WELBY: PHILADELPHIA COUNTY
as h/w, 5854 Loretta Ave., 2nd Flr., Phila., PA 19149 : COURT OF COMMON PLEAS
vs.     :
WAL-MART STORES, INC .     :
4301 Byberry Road, Philadelphia, PA 19154    :
and     :       TERM, 2016
WAL-MART STORES EAST     :
4301 Byberry Road, Philadelphia, PA 19154    : NO.

CIVIL ACTION-2S Premises Liability

NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE
FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE
ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING
WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE
WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE
ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE
COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR
PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT
ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET
FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL & INFORMATION SERVICE
Philadelphia Bar Association
One Reading Center
Northwest Cor. 11th & Market Sts.
Philadelphia, Pennsylvania 19107
Phone: (215) 238-1701

AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS
EN IAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA
DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN
ABOGADO Y ENTREGAR A LA CORE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS
EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y
PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE
PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES
DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES
PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO
TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA
OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA E INFORMACION LEGAL
Asociacion De Licenciados De Filadelfia
One Reading Center
Noreste Usquina 11th Y La Calle Market
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

4316

Case ID: 160301210

ROSENBAUM & ASSOCIATES, P.C.  MAJOR NON-JURY
BY: JEFFREY M. ROSENBAUM, ESQUIRE ASSESSMENT OF HEARING
1818 Market Street, Suite 3200   DAMAGES IS REQUIRED
Philadelphia, PA 19103
(215)569-0200

| | |
|---|---|
| JENNIFER KNELLINGER and CHARLES WELBY: PHILADELPHIA COUNTY | |
| as h/w, 5854 Loretta Ave., 2nd Flr., Phila., PA 19149  : COURT OF COMMON PLEAS | |
| vs.                : | |
| WAL-MART STORES, INC .      : | |
| 4301 Byberry Road, Philadelphia, PA 19154 : | |
| and              :     TERM, 2016 | |
| WAL-MART STORES EAST     : | |
| 4301 Byberry Road, Philadelphia, PA 19154 : NO. | |

CIVIL ACTION-2S Premises Liability

1. The plaintiffs, Jennifer Knellinger and Charles Welby, are husband and wife and residents of the Commonwealth of Pennsylvania, residing at the above address.

2. The defendant, Wal-Mart Stores, Inc., is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above address.

3. The defendant, Wal-Mart Stores East, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above address.

4. At all times relevant hereto, the defendants were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of Respondeat Superior is invoked herein.

5. At all times relevant hereto all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

6. All defendants regularly and systematically conduct business in Philadelphia County, Pennsylvania.

7. At all times relevant hereto, defendants had under their care, direction,

Case ID: 160301210

supervision, control and maintenance of the premises and floor at Walmart, 4301
Byberry Road, Philadelphia, Pennsylvania 19095, and it was the defendants'
duty to keep and maintain said premises in a reasonably safe condition.

8. On or about the 1st day of July, 2015, at or about 6:50 p.m., a dangerous,
   negligent and/or defective condition, existed on the defendants' premises as
   aforesaid and defendants knew or should have known of the existence of same.

9. On the aforesaid date, the plaintiff, Jennifer Knellinger, was lawfully in the
   bathroom at Walmart, when by reason of the negligence of the defendants, the
   plaintiff was caused to trip, slip, stumble and/or fall by reason of a wet floor on
   the defendants' premises.

10. The defendants knew or should have known of the existence of the dangerous,
    negligent and/or defective condition on the aforesaid premises.

11. The carelessness and/or negligence of the defendants consisted of the following:

    a. Failing to maintain said premises and floor in a safe and reasonable condition
       for persons such as the plaintiff using said premises and floor;

    b. Failing to reasonably inspect said premises and floor to ascertain the existence
       of the dangerous, negligent and/or defective condition when defendants knew
       or should have known of the existence of said condition;

    c. Failing to warn persons on the premises and floor of the dangerous, negligent
       and/or defective condition;

    d. Failing to properly and adequately repair said condition;

    e. Failing to properly clean said floor;

    f. Failing to adequately dry mop said floor;

    g. Causing the floor of the premises to become slippery and wet;

    h. Failing to properly inspect and maintain the plumbing in defendants'
       bathroom and premises;

i.   Failing to repair a leak in defendants' bathroom and premises;

j.   Negligently allowing said floor to be and to remain slippery and wet;

k.   Failing to properly supervise persons maintaining defendants' premises;

l.   Failing to install and/or maintain floors that are adequately slip resistant; and,

m.  Failing to place mats or take other safety precautions at and/or near the location of the plaintiff's fall.

## COUNT I

### PLAINTIFF, JENNIFER KNELLINGER vs. ALL DEFENDANTS

12.   The plaintiff, Jennifer Knellinger, incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

13.   Solely because of the negligence of the defendants acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to plaintiff's neck, arm, shoulder, back and hip, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future.

14.   Plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

15.   Plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

16.   As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual

Case ID: 160301210

duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

17. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

18. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

   **WHEREFORE,** plaintiff, Jennifer Knellinger, demands judgment against the defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, jointly and severally, in a sum in excess of the arbitration limits.

## COUNT II

### PLAINTIFF, CHARLES WELBY vs. ALL DEFENDANTS

19. The plaintiff, Charles Welby, incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

20. Plaintiff avers that she is the spouse of plaintiff, Jennifer Knellinger.

21. As a result of the aforementioned occurrence, said plaintiff has been and may in the future be required to expend various sums of money for medical services, medicines and/or x-rays in an effort to treat and cure the spouse of the injuries

sustained in the occurrence and has incurred or may incur other losses for which

plaintiff is entitled to be compensated.

22.  Further, by reason of the aforesaid, said plaintiff has been deprived of the

assistance and society of the spouse, all of which has been to the great financial

damage and loss of plaintiff.

**WHEREFORE**, plaintiff, Charles Welby, demands judgment against

the defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, jointly and severally, in

a sum in excess of the arbitration limits.

ROSENBAUM AND ASSOCIATES, P.C.

By:_____
 JEFFREY M. ROSENBAUM, ESQ.
 Attorney for Plaintiffs

DATE:_____

# V E R I F I C A T I O N

I verify that the statements made in the foregoing Civil Action Complaint and any

attachment thereto are true and correct to the best of my information and belief.  I

understand that false statements therein are made subject to the penalties of 18 Pa. C.S.

Section 4904, relating to unsworn falsification to authorities.

JENNIFER KNELLINGER

CHARLES WELBY

Date: 3/9/16

# EXHIBIT "B"

ROSENBAUM & ASSOCIATES, P.C.
BY: JOHN F. HANAHAN, ESQUIRE – ID# 44857
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215)569-0200                              ATTORNEY FOR PLAINTIFFS

| | |
|---|---|
| JENNIFER KNELLINGER & CHARLES WELBY: PHILADELPHIA COUNTY | |
| as h/w | : COURT OF COMMON PLEAS |
| vs. | : |
| WAL-MART STORES, INC . | : |
| and | : MARCH TERM, 2016 |
| WAL-MART STORES EAST | : |

CASE MANAGEMENT CONFERENCE
PLAINTIFFS' MEMORANDUM
PART A

Filing party:   Plaintiffs. Jennifer Knellinger and Charles Welby, w/h

Counsel's Address:    John F. Hanahan, Esquire
                      Rosenbaum & Associates, P.C.
                      1818 Market Street, Suite 3200
                      Philadelphia, PA 19103

1.    Date of accident/occurrence: July 1, 2015

      (a)  Age of plaintiffs: _36 years old at date of incident_

2.    Most Serious Injuries Sustained: head, adhesive capsulitis, frozen left shoulder,
      cervical herniation, back, left hip, thigh, foot and aggravation of a preexisting
      condition.

3.    Is there any permanent Injury Claimed:     Yes _X_ No _____

      If Yes, Type of permanent injury:    See answer to #2 above.

4.    Dates of Treatment:  _7/1/2015 to present_

5.    Is Medical Treatment Continuing: Yes  _X_   No._____

6.    Has There Been In-patient Hospitalization: Yes____ No _X_

7.     Has There Been any Surgery: Yes  X  No. _____
If yes, indicate the type of surgery:  <u>Manipulation of shoulder under anesthesia.</u>

8.     Approximate Medical Bills to Date: <u>Approximately $25,000.00+</u>

      Approximate Medical Bills Recoverable in this Case: <u>Approximately $25,000.00+</u>

9.     Are there any existing liens (Workers' Compensation, DPW, Medical, etc.?
Yes ____ No.____ If Yes, what type and approximate amount? <u>Undetermined.</u>

10.    Time lost from work:  N/A

11.    Approximate Past Lost Wages: N/A

12.    Future Lost Earning Capacity: Yes____ No.____ <u>Undetermined</u>
If Yes, approximate future lost earning capacity?

13.    Are there any Related Cases or Claims Pending: <u>No.</u>

14.    Do You Anticipate Joining Additional Parties: <u>No.</u>

15.    Plaintiff's Position as to Liability: <u>Plaintiff slipped and fell at Defendant's store. Due to Defendant's negligence, carelessness and recklessness, Plaintiff was caused serious and permanent injuries.</u>

16.    Defense Position as to Liability: <u>See Defendant's Memo.</u>

17.    Defense Position as to Causation of Injuries Alleged: <u>See Defendant's Memo.</u>

18.    Identify All Applicable Insurance Coverage:
<u>Defendant Insurance Carrier</u>           <u>Coverage Limits</u>

19.    Are there issues as to the Applicability of the above Insurance Coverage:
Demand:  $500,000.00          Offer: $

ROSENBAUM & ASSOCIATES, P.C.

BY: _____

JOHN F. HANAHAN, ESQUIRE
Attorney for Plaintiffs

# EXHIBIT "C"

Law Offices Of

# McDONNELL & ASSOCIATES, P.C.

Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, Pennsylvania 19406
Telephone:  610-337-2087
Facsimile:   610-337-2575

Patrick J. McDonnell* ♦
Courtney Seda McDonnell*
Karen L. Green*
Nancy E. Zangrilli* †
Anna M. Darpino*†
Marc R. Kamin**
Stephen T. Bissell*
Matthew Y. Rong*
Taisha K. Tolliver*
Gwyneth R. Williams*

*Of Counsel:*
Analisa Sondergaard*
Jennifer A. LaTour**
Adam M. Share*

*Medical Consultant:*
Hector J. Seda, M.D.

\*   Admitted in Pennsylvania and New Jersey
\*\*  Admitted only in Pennsylvania
†   Admitted in Massachusetts
♦   Certified by the Supreme Court
    of New Jersey as a Civil Trial Attorney

*New Jersey Office:*
  500 Route 70 West
  Cherry Hill, New Jersey 08002
  Telephone:  856-429-5300
  Facsimile:   856-429-5314

Reply To:  *Pennsylvania*
E-Mail Address:  mkamin@mcda-law.com

July 8, 2016

***VIA EMAIL (hanahan.john@gmail.com) and***
***VIA REGULAR MAIL***
John F. Hanahan, Esquire
Rosenbaum & Associates, P.C.
1818 Market Street, Ste. 3200
Philadelphia, PA 19103

    Re:    **Jennifer Knellinger, et ux. v. Wal-Mart Stores Inc, et al.**
            **Philadelphia County C.C.P., March Term 2016; No.  01210**
            **Our File No.  182.239**

Dear John:

      As you know, I attended the Case Management Conference with your associate earlier today, at which time I received your Case Management Conference Memorandum.  Based on your settlement demand of $500,000, the allegations of permanent injury, treatment for over a year and ongoing, and medical bills of approximately $25,000 and growing, it appears this matter is subject to removal to Federal Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Defendants are willing to forego the right to remove this matter to Federal Court if Plaintiffs agree to limit damages.  I have prepared the enclosed stipulation and I kindly ask that you discuss with your clients.  If they are agreeable, please sign and date where indicated and return to my office via facsimile or email **by Friday, July 22, 2016.**  If I do not receive a partially-executed stipulation by that time, it will be my understanding that Plaintiffs are unwilling to so stipulate.  If you would like to discuss, please do not hesitate to contact me.

John F. Hanahan, Esquire
July 8, 2016
Page 2

      Thank you for your consideration.

                       Very truly yours,
                       McDONNELL & ASSOCIATES, PC

                       Marc R. Kamin

Enclosure

| | |
|---|---|
| JENNIFER KNELLINGER and | : IN THE COURT OF COMMON PLEAS OF |
| CHARLES WELBY, w/h | : PHILADELPHIA COUNTY, PENNSYLVANIA |
| Plaintiffs | : |
| | : MARCH TERM, 2016 |
| v. | : NO. 1210 |
| | : |
| WAL-MART STORES, INC. and | : |
| WAL-MART STORES EAST | : |
| Defendants | : |

## STIPULATION TO LIMIT DAMAGES

THE PARTIES hereby understand and agree to the following:

- Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, more properly identified simply as Wal-Mart Stores East, LP and hereinafter referred to as "Wal-Mart", has the right, pursuant to 28 U.S.C. §§ 1441 and 1446 to remove this matter to federal court.

- Wal-Mart is willing to forego that right in exchange for the agreement of all parties to limit the damages which the Plaintiffs are entitled to recover, if any; and

- In reliance upon the express agreement of parties to the limitation of damages set forth herein, Wal-Mart will agree not to exercise its right to remove this matter to the federal court.

THEREFORE, on this _____ day of July, 2016, the parties hereby STIPULATE AND

AGREE that the full amount and/or value of the matter in controversy and damages to which

Plaintiffs may be entitled in this matter shall not exceed the value of Seventy-Five Thousand

Dollars ($75,000).

**ROSENBAUM & ASSOCIATES, PC**          **McDONNELL & ASSOCIATES, PC**


_____          _____
John F. Hanahan, Esquire                 Marc R. Kamin, Esquire
July _____, 2016                        July _____, 2016
*Plaintiffs' Counsel*                    *Defendants' Counsel*